UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| SAHIL SAHIL,<br><br>    Petitioner,<br><br>v.<br><br>MARCELLO VILLEGAS, et al.,<br><br>    Respondents. | No. 1:26-CV-028-H |

## ORDER

Before the Court is Sahil Sahil's ex parte motion for a preliminary injunction and temporary restraining order. Dkt. No. 11. Because the motion requests relief to which he is not entitled—in addition to improperly requesting the ultimate relief sought in his pending habeas petition—the motion is denied.

**1.**     **Legal Standard**

Federal Rule of Civil Procedure 65 authorizes courts to issue temporary restraining orders and injunctions. A temporary restraining order, or TRO, is "simply a highly accelerated and temporary form of preliminary injunctive relief." *Hassani v. Napolitano*, No. 3:09-CV-1201, 2009 WL 2044596, at *1 (N.D. Tex. July 15, 2009). Thus, the party seeking a TRO or preliminary injunction must satisfy the same four-factor standard for preliminary injunctive relief. *Greer's Ranch Café v. Guzman*, 540 F. Supp. 3d 638, 645 (N.D. Tex. 2021). The party seeking relief must show (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm; (3) the balance of hardships weighs in the movant's favor; and (4) issuing the injunction will not disserve the public interest. *Daniels Health Scis., LLC v. Vascular Health Scis., LLC*, 710 F.3d 579, 582 (5th Cir. 2013).

A TRO, like any injunction, is an "extraordinary remedy." *Lewis v. S.S. Baune*, 534 F.2d 1115, 1121 (5th Cir. 1976). "The decision to grant [such relief] 'is to be treated as the exception rather than the rule.'" *Jones v. Bush*, 122 F. Supp. 2d 713, 718 (N.D. Tex. 2000) (quoting *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985)). To prevail, the movant "must satisfy a cumulative burden of proving each of the four elements" for injunctive relief. *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987). "Otherwise stated, if a party fails to meet *any* of the four requirements, the court cannot grant the TRO or preliminary injunction." *Speed v. America's Wholesale Lender*, No. 3:14-CV-3425, 2014 WL 4755485, at *1 (N.D. Tex. Sept. 24, 2014) (emphasis in original).

2.  Analysis

   A.  **Because transfer will not affect the Court's jurisdiction, Sahil is not entitled to relief.**

Sahil seeks emergency injunctive relief, in part, to enjoin the respondents "from relocating him outside the jurisdiction of this [C]ourt pending final resolution of this case." Dkt. No. 11 at 1. Sahil's concerns are misplaced. "It is well established that jurisdiction over the petitioner attaches with the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change." *Smith v. Fleming*, No. 4:02-CV-440, 2002 WL 31114021, at *2 (N.D. Tex. Sept. 20, 2002) (citing *McClure v. Hopper*, 577 F.2d 938, 939–40 (5th Cir. 1978)); *see also Moler v. Wells*, 18 F.4th 162, 166 n.7 (5th Cir. 2021) (explaining that "venue [is] determined at the outset of litigation and [is] not affected by subsequent events" (alterations in original and quotation omitted)). Therefore, even if the respondents were to transfer Sahil outside the Northern District of Texas, the Court would retain jurisdiction over his habeas petition.

As for Sahil's removal from the United States, the respondents inform the Court that they "will provide Petitioner's counsel and the Court with at least three days' notice before executing any [such] removal." Dkt. No. 10 at 1. Because "the government has agreed that it will provide meaningful notice," there is no imminent threat of removal warranting the exceptional remedy of a TRO. *A.A.R.P. v. Trump*, 778 F. Supp. 3d 882, 887 (N.D. Tex. 2025). If the respondents initiate Sahil's removal while this litigation is pending, he may seek appropriate relief at that time.

B.  **The motion otherwise improperly requests ultimate relief.**

Sahil also seeks emergency relief in the form of a TRO ordering the respondents "to release [him] from their custody or to set a bond amount pursuant to the individualized bond hearing he previously had." Dkt. No. 11 at 1. "The purpose of a preliminary injunction is to preserve the *status quo* and prevent irreparable injury until the court renders a decision on the merits." *Sambrano v. United Airlines, Inc.*, No. 21-11159, 2022 WL 486610, at *4 (5th Cir. Feb. 17, 2022). Likewise, the purpose of a TRO is to "preserv[e] the status quo and prevent[] irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439 (1974). Thus, the Court cannot give Sahil "the ultimate relief requested" in the form of a preliminary injunction or TRO; it can "only preserve the *status quo*." *Ramirez Rios v. Noem*, 3:25-CV-522, 2025 WL 3220095, at *1 (W.D. Tex. Nov. 7, 2025).

Sahil's motion appears to request the same relief sought in his habeas petition. Dkt. No. 11 at 1. Indeed, the arguments supporting his motion focus on the harms of mandatory detention without bond. *Id.* at 4; *Perez v. Noem*, No. 3:25-CV-2920, 2025 WL 3532430, at *6 (N.D. Tex. Nov. 14, 2025), *R. & R. adopted*, 2025 WL 3530951 (Dec. 9, 2025). He requests

that the Court order his release or a bond hearing in his motion, Dkt. No. 11 at 1, but the ultimate relief he seeks in his petition is also release from custody or a bond hearing, Dkt. No. 1 at 12. Because the preliminary relief sought in the motion improperly seeks the same ultimate relief requested in the petition, the motion is denied.

### C.  A hearing is not necessary to resolve the motion.

Generally, "oral argument on a motion will not be held" unless "otherwise directed by the presiding judge." Local Civ. R. 7.1(g). The Court has wide discretion in determining whether to hold a hearing. *See Kaepa, Inc. v. Achilles Corp.*, 76 F.3d 624, 628 (5th Cir. 1996). Here, the Court finds that the relief sought in the motion is either unnecessary or improper. On this basis alone, a hearing is unnecessary.

Further, the issues raised in the motion—which amount to questions of statutory interpretation—are adequately presented in the parties "comprehensive memoranda in support of their positions." *See id.* (noting that, under Rule 65, "no oral hearing is required" where "no factual dispute is involved"). Thus, even if the relief sought were proper, a hearing would not materially advance the Court's resolution of Sahil's motion.

### 3. Conclusion

Because the relief sought in Sahil's motion for TRO and preliminary injunction is improper at this stage, the Court denies the motion (Dkt. No. 11). And because the Court denies the motion, it likewise declines to issue the requested order to show cause. *See id.* at 1–2. Sahil's petition remains pending. Dkt. No. 1.

So ordered on January 30, 2026.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE