UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

SAHIL SAHIL,

    Petitioner,

v.

                                       No. 1:26-CV-028-H

MARCELLO VILLEGAS, et al.,

    Respondents.

## ORDER

Earlier this year, the Fifth Circuit held that aliens who are present in the United States without previously being admitted by immigration authorities—also known as "applicants for admission"—must be detained under the INA. *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). Sahil Sahil, a native and citizen of India, is one such alien, having illegally entered the United States nearly four years ago. His habeas petition, filed before the Fifth Circuit's decision in *Buenrostro-Mendez*, demands his release based on the text of the INA, the Administrative Procedure Act, and the Fifth Amendment's Due Process Clause. Dkt. No. 1.

In light of *Buenrostro-Mendez*, Sahil's due process claim is the only remaining non-foreclosed issue. But neither the substantive nor procedural veins of due process merit release. Due process is a contextual concept, and in the context of alien removal, it is a limited one. Congress determined that aliens like Sahil are not entitled to bond, but they are permitted to remain in U.S. custody and fight to remain here. That is more than sufficient process so far as the Due Process Clause is concerned. Therefore, the petition (Dkt. No. 1) is denied.

## 1.    Background

In late 2022, Sahil illegally entered the United States near Lukeville, Arizona. Dkt. No. 1-5 at 1. Sahil was soon apprehended and paroled into the country for a limited period. Dkt. No. 14 at 2. In February 2023, his grant of parole automatically terminated, and he was placed into removal proceedings with a Notice to Appear. *Id.* The NTA charged him with removability as an alien "present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General" and an immigrant without valid immigration documents. Dkt. No. 1-5 at 4; *see* 8 U.S.C. §§ 1182(a)(6)(A)(i), (a)(7)(A)(i)(I).

While detained, Sahil challenged ICE's custody determination—including its decision that he must be detained without bond—before an immigration judge. Dkt. No. 1 at 3. The IJ found that he lacked jurisdiction to consider Sahil's bond request in light of the Board of Immigration Appeals' opinion in *Matter of Yajure Hurtado*, which held that aliens present in the United States without admission must be detained without bond under Section 1225(b)(2)(A) of the INA for the duration of their removal proceedings. Dkt. No. 1-6 at 1; *see* 29 I. & N. Dec. 216, 220 (BIA 2025).[1]

---

[1] On February 18, 2026, the Central District of California purported to vacate *Yajure Hurtado*. *Maldonado Bautista v. Santacruz*, 820 F. Supp. 3d 1016 (C.D. Cal. 2026). But as the Court explained in *Calderon Lopez v. Lyons*, the Central District lacks authority to enter such relief. 813 F. Supp. 3d 692, 705–10 (N.D. Tex. 2025). After hearing oral argument on the issue, the Ninth Circuit issued a stay pending appeal of the Central District's class-certification order, final judgment, and post-judgment vacatur of *Yajure Hurtado* on March 31, 2026. *See Maldonado Bautista v. EOIR*, Nos. 25-7958 & 26-1044, Dkt. No. 17 at 4 (9th Cir. Mar. 31, 2026). *Yajure Hurtado* binds immigration judges, meaning it would be "an exercise in futility" to seek a bond hearing. *Garner v. U.S. Dep't of Lab.*, 221 F.3d 822, 825 (5th Cir. 2000). Thus, Sahil's petition does not present an exhaustion problem. *Id.* For these reasons, insofar as Sahil believes he is entitled to relief on the basis of *Maldonado Bautista*, *see* Dkt. No. 1 at 11 n.3, he is mistaken.

Earlier this year, Sahil filed a petition for a writ of habeas corpus. Dkt. No. 1. The petition states three claims for relief. First, Sahil alleges that his detention without bond violates the INA. *Id.* at 10–11. Second, Sahil argues that his continued detention violates the APA. *Id.* at 11. Finally, Sahil contends that his detention without bond violates his due process rights. *Id.*

The Court ordered the respondents to show cause why Sahil's petition should not be granted. Dkt. No. 7; *see* 28 U.S.C. § 2243. The respondents timely answered (Dkt. Nos. 14; 15), and Sahil replied (Dkt. No. 16).

While litigation was underway in this case, the Fifth Circuit issued its decision in *Buenrostro-Mendez*, which agreed with *Yajure Hurtado* and upheld the government's mandatory-detention policy under Section 1225. *See* 166 F.4th at 498. The Fifth Circuit turned to the plain language of Section 1225, which provides that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien *shall be detained* for a proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2)(A) (emphasis added). The Fifth Circuit found "no material disjunction" between the phrases "applicant for admission" and "seeking admission," and thus concluded that all applicants for admission fall within Section 1225(b)(2)(A)'s grasp. *Buenrostro-Mendez*, 166 F.4th at 502 (quoting *Garibay-Robledo v. Noem*, 814 F. Supp. 3d 747, 754 (N.D. Tex. 2026)).

## 2.   Legal Standard

"[A]bsent suspension, the writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art. I, § 9, cl. 2). With 28 U.S.C. § 2241, Congress authorized federal courts to

resolve habeas petitions, including in immigration-detention cases. *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001). Habeas exists solely to "grant relief from unlawful imprisonment or custody." *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976). Thus, for the writ to issue, the petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995). A court considering a habeas petition must "determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

### 3.    Analysis

As noted above, Sahil raises three claims in his habeas petition—one involving Sections 1225 and 1226 of the INA, one involving the APA, and another based on the Fifth Amendment's Due Process Clause. Dkt. No. 1 at 10–11. As explained below, *Buenrostro-Mendez* forecloses Sahil's statutory and APA claims. Thus, the only claim left for consideration is Sahil's due process claim. The Court has considered whether the Due Process Clause entitles illegal aliens to release in numerous prior cases.[2] Even so, the Court considers the arguments raised in Sahil's briefing to address whether bond-less detention of aliens present in the United States violates the Constitution. The answer is no.

### A.    *Buenrostro-Mendez* forecloses Sahil's INA and APA claims.

Sahil is an "applicant for admission" within the meaning of Section 1225(a)(1). Section 1225 broadly defines "applicant for admission" as "[a]n alien present in the United States who has not been admitted or who arrives in the United States." 8 U.S.C.

---

[2] *Higareda-Cano v. Noem*, No. 1:25-CV-225, 2026 WL 274495 (N.D. Tex. Jan. 30, 2026); *Goyo Martinez v. Villegas*, No. 1:25-CV-256, 2026 WL 114418 (N.D. Tex. Jan. 15, 2026); *Garibay-Robledo*, 814 F. Supp. 3d 747; *Gomez Hernandez v. Lyons*, No. 1:25-CV-216, 2026 WL 31775 (N.D. Tex. Jan. 6, 2026); *Montelongo Zuniga v. Lyons*, 814 F. Supp. 3d 685 (N.D. Tex. 2025).

§ 1225(a)(1). Sahil is an "alien." He is "present in the United States." And he "has not been admitted" because he did not "lawful[ly] ent[er] [the country] after inspection and authorization by an immigration officer." *Id.* § 1101(a)(13)(A) (defining "admission" and "admitted"). As an applicant for admission, binding Fifth Circuit precedent requires that he be detained without bond under Section 1225(b)(2)(A). *See Buenrostro-Mendez*, 166 F.4th at 498. Thus, Sahil's INA claim fails.[3]

Further, insofar as Sahil's APA claim relies on the respondents' lack of statutory authority, *see* Dkt. No. 1 at 11, it fails on the merits for the reasons given above.[4]

**B.      The Due Process Clause does not require the government to release Sahil.**

Next is Sahil's claim that his detention without bond violates the Due Process Clause of the Fifth Amendment. Dkt. No. 1 at 11. Because *Buenrostro-Mendez* did not directly address this question, the Court turns to Sahil's arguments. He devotes only a few sentences to this claim, arguing that he "has a fundamental interest in liberty and being free from official restraint." *Id.* He does not clarify whether his challenge is based on substantive or procedural due process. But either way, he is not entitled to relief.

Start with substantive due process. That doctrine protects "only 'those fundamental rights and liberties which are, objectively, deeply rooted in this Nation's history and

---

[3] Even if this Court were not bound by *Buenrostro-Mendez*, it would have reached the same result for the reasons discussed in its numerous prior decisions on this issue. *Supra*, n.2.

[4] Moreover, the APA expressly precludes review of Sahil's APA claim. Section 704 of the APA provides that "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review." 5 U.S.C. § 704. Because Sahil requests habeas relief as the remedy for his APA claim, he admits that there is an adequate remedy outside of the APA. Further, the Supreme Court recently held that "where an alien detainee's claims 'necessarily imply the invalidity of their confinement' these claims must be brought in habeas." *P.B. v. Bergami*, No. 3:25-CV-2978, 2025 WL 3632752, at *9 (N.D. Tex. Dec. 13, 2025) (O'Connor, C.J.) (quoting *Trump v. J.G.G.*, 604 U.S. 670, 672 (2025)).

tradition.'" *Dep't of State v. Muñoz*, 602 U.S. 899, 910 (2024) (quoting *Washington v. Glucksberg*, 521 U.S. 702, 720–21 (1997)). While still recognizing due-process rights for aliens present in the United States, *see, e.g.*, *J.G.G.*, 604 U.S. at 673, the Supreme Court has long affirmed the constitutionality of executive immigration procedures. The "through line of history," the Supreme Court recently explained, is "recognition of the Government's sovereign authority to set the terms governing the admission and exclusion of noncitizens." *Muñoz*, 602 U.S. at 911–12. To that end, "Congress regularly makes rules that would be unacceptable if applied to citizens." *Mathews v. Diaz*, 426 U.S. 67, 80 (1976).

The principle is no less true for immigration detention. In fact, the Supreme Court has endorsed the constitutionality of detaining aliens without bond during the pendency of removal proceedings. In *Demore v. Kim*, the Supreme Court acknowledged that "the Fifth Amendment entitles aliens to due process of law in deportation proceedings." 538 U.S. 510, 523 (2003) (quoting *Reno v. Flores*, 507 U.S. 292, 306 (1993)). But it clarified that "detention during deportation proceedings" is nevertheless a "constitutionally valid aspect of the deportation process." *Id.* Indeed, "when the Government deals with deportable aliens, the Due Process Clause does not require it to employ the least burdensome means to accomplish its goal." *Id.* at 528. It follows that "the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings." *Id.* at 526. Against that backdrop, the notion that substantive due process requires his release is untenable.

A procedural due process claim fares no better. As an "applicant for admission," Sahil has "only those rights regarding admission that Congress has provided by statute." *DHS v. Thuraissigiam*, 591 U.S. 103, 140 (2020); *see Landon v. Plasencia*, 459 U.S. 21, 32

– 6 –

(1982) ("This Court has long held that an alien seeking initial admission to the United States requests a privilege and has no constitutional rights regarding his application, for the power to admit or exclude aliens is a sovereign prerogative."). With Section 1225, Congress set the procedural rights afforded to aliens who are present in the United States without admission. "Read most naturally," Section 1225(b)(2)(A) "mandate[s] detention of applicants for admission until certain proceedings have concluded." *Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018). Accordingly, Sahil is not entitled to release as a matter of procedural due process.[5]

### 4. Conclusion

In short, Sahil, as an "applicant for admission," is properly detained without bond under Section 1225(b)(2)(A). *Buenrostro-Mendez*, 166 F.4th at 498. And neither the Due Process Clause nor the APA merit his release in these circumstances. Thus, the petition for a writ of habeas corpus (Dkt. No. 1) is denied.

So ordered on July 20, 2026.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE

---

[5] The Court recognizes that a Fifth Circuit panel recently came to a contrary conclusion when addressing alleged Due Process violations. *See Sosnava Rodriguez v. Ortega*, Nos. 26-50183, 26-50219, & 26-50221, 2026 WL 1906557 (5th Cir. July 2, 2026). But because the full Fifth Circuit granted rehearing en banc, that panel's opinion has been vacated. *See* Nos. 26-50183, 26-50219, 26-50221, Dkt. Nos. 174; 176 (5th Cir. July 10, 2026). "[T]hus the opinion is not binding precedent." *Munn v. City of Ocean Springs*, 763 F.3d 437, 441 n.2 (5th Cir. 2014). For the reasons discussed above, the Court is not persuaded by *Sosnava Rodriguez*.